OPINION
Defendant-appellant, Alpha E. Ratcliff, appeals a Brown County Court of Common Pleas decision which refused to hold plaintiff-appellee, Judy Ratcliff, liable for appellant's pre-divorce medical expenses. We affirm.
During the parties' marriage, appellee carried health insurance for appellant and their two children.[1] The parties separated in early 1996.
On March 22, 1996, appellee filed for divorce. In June 1996, appellee's employer required their employees to enroll with a new health insurance carrier effective August 1, 1996.[2] However, appellee did not list appellant as a dependent eligible for medical coverage. In the summer of 1997, appellant suffered a stroke in which he incurred medical expenses. Since appellee did not enroll appellant with her employer's new health insurance carrier, appellant's medical expenses were not covered. Appellant contends that he was not notified that his medical expenses were not covered due to lack of health insurance until November or December 1997.
On June 30, 1997 and July 10, 1997, a divorce hearing was conducted. By judgment entry filed on March 20, 1998, the trial court granted the parties a divorce. On April 3, 1998, appellant filed a motion for a new trial pursuant to Civ.R. 59, a motion for relief from judgment pursuant to Civ.R. 60, and a motion pursuant to R.C. 3105.71.[3] On June 15, 1998, the trial court conducted a hearing on these motions.
By judgment entry filed on October 23, 1998, the trial court denied appellant's motions. The trial court held that (1) appellant's motions for a new trial and for relief from judgment "do not affect the validity or rationale of the Court's" prior order; (2) the issues appellant raised in his motions were not timely raised in the earlier proceeding; and (3) even if appellant was entitled to relief, "any such relief would be as to `part of the issues,' as provided in Civil Rule 59 and at least impliedly provided under Civil Rule 60(B)." Regarding the motion filed pursuant to R.C.3105.71(A), the trial court stated that in order for there to be a violation of the statute, appellant must prove that appellee either cancelled, terminated, or caused the termination of the health insurance. Since the evidence demonstrated that appellee's employer cancelled the medical coverage and appellee was not responsible for the cancellation, the trial court held that appellee did not violate R.C. 3105.71.
The trial court next decided whether equity demanded that appellee continue coverage, and whether appellee violated the spirit of R.C.3105.71. The trial court held that R.C. 3105.71 was designed to protect the innocent party during the pendency of a divorce action. Since appellant was on notice of the increase of medical coverage and the possibility of losing his medical coverage, the trial court found that he was not an innocent party. Further, the trial court held that neither equity nor the intent of R.C. 3105.71 required appellee to continue health insurance for appellant.
Appellant filed a timely appeal and asserts one assignment of error as follows:
 THE TRIAL COURT ERRRED IN DENYING THE DEFENDANT/HUSBAND'S MOTION FOR NEW TRIAL/MOTION FOR RELIEF FROM JUDGMENT/MOTION PURSUANT TO R.C. 3105.71.
In his assignment of error, appellant argues that the trial court erred in interpreting R.C. 3105.71. However, appellant does not argue that the trial court erred in denying his motions for a new trial and/or for relief from judgment. Despite this, appellant asks this court to reverse the decision of the lower court and order appellee to pay appellant for the medical expenses he incurred prior to the divorce. We disagree.
The proper vehicle to invoke a trial court's jurisdiction to vacate or modify its judgment is under Civ.R. 59, motion for new trial or Civ.R. 60, motion for relief from judgment. Appellant has not provided this appellate court with any legal or factual argument to support the position that the trial court should have granted him a new trial pursuant to Civ.R. 59. Nor has appellant argued that he is entitled to relief from judgement under the standards of Civ.R. 60(A) or (B).
A court of appeals may disregard an assignment of error if a party fails to argue the assignment separately in his brief or fails to identify the error on which the assignment of error is based. Schade v. Carnegie
pursuant to Civ.R. 59 and 60.
Appellant does argue that the trial court's interpretation of R.C. 3105.71
was in error. Appellant claims that when appellee failed to list appellant as an eligible dependent, appellee "otherwise terminated" appellant's health insurance. However, an appellate court will refuse to consider errors that could have been brought to the trial court's attention. Jones v. Jones
(Dec. 13, 1996), Champaign App. No. 95-CA-22, unreported, at 13, citingSchade, 70 Ohio St.2d at 210.
The record reflects that the closing arguments took place on August 1, 1997. Appellant claims that it was not until November or December 1997 that he became aware that appellee's health insurance did not cover his medical expenses. On March 20, 1998, the trial court issued the final divorce decree. The facts demonstrate that appellant had several months in which to petition the trial court to remedy appellee's alleged violation of R.C.3105.71. Appellant had the opportunity to seek the proper remedy from the trial court with respect to his allegation that appellee violated R.C.3105.71 before the final divorce decree was granted. Therefore, this court is precluded from considering appellant's argument because it was not preserved at the trial court level.
Based upon the foregoing, we find that appellant failed to provide this court with any basis to find that the trial court erred in denying his Civ.R. 59 and 60 motions. Further, we find that appellant had knowledge of the alleged violation of R.C. 3105.71 and failed to petition the trial court before the final divorce decree was entered. Therefore, we agree with the trial court that appellant's allegation was not timely raised in the earlier proceeding. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] Appellee's employer paid one hundred percent of the cost of appellee's insurance, but required appellee to pay for the medical coverage for appellant and their two children.
[2] The new health insurance resulted in additional costs to appellee to continue coverage for appellant and their children.
[3] R.C. 3105.71 states in part that:
(A) If a party to an action for divorce * * * was the named insured * * * or the policy holder of * * * health insurance that provided health insurance coverage for that party's spouse and dependents immediately prior to the filing of the action, that party shall not cancel or otherwise terminate or cause the termination of such coverage for which the spouse and dependents would otherwise be eligible until the court determines that the party is no longer responsible for providing such health insurance coverage for that party's spouse and dependents.
(B) If the party responsible for providing health insurance coverage for that party's spouse and dependents under division (A) of this section fails to provide that coverage in accordance with that division, the court shall issue an order that includes all of the following:
 (1) A requirement that the party make payment to the party's spouse in the amount of the premium that party failed to pay or contribution that party failed to make * * *;
 (2) A requirement that the party make payment to that party's spouse for reimbursement of any hospital, surgical, and medical expenses incurred as a result of that party's failure to comply with division (A) of this section[.]